```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
John A. Smith &
Catherine L. Smith

                    Plaintiffs,            CV-03-5358 (CPS)

    - against -                            MEMORANDUM
                                           AND ORDER
Herman Miller, Inc.,

                    Defendant.
----------------------------------------X
```

SIFTON, Senior Judge.

John Smith and Catherine Smith originally commenced this action against Herman Miller, Inc., in the Supreme Court of New York, Suffolk County, seeking to recover damages incurred when an office chair collapsed. On October 23, 2003, Herman Miller removed the action to this Court. The notice of removal states that Herman Miller is incorporated under the laws of the State of Michigan and has its principal place of business in that state. It further alleges that the Smiths are citizens of New York, and the amount in controversy is in excess of $75,000. John Smith alleges the following claims for relief: 1) negligence; 2) breach of warranty of merchantability; and 3) strict liability. Catherine Smith alleges a claim of loss of consortium.

On August 26, 2005 this Court granted defendant's motion to exclude the testimony of plaintiffs' expert witness and denied defendant's motion for summary judgment without prejudice to its

renewal after plaintiffs had either filed a Rule 56(f)[1] motion or the time provided for filing such motion had expired. Plaintiffs did not file a motion pursuant to Federal Rule of Civil Procedure 56(f) within the prescribed time.

Presently before the Court is Herman Miller's renewal of his prior motion for summary judgment pursuant to Federal Rule of Civil Procedure 56. For the reasons set forth below defendant's motion for summary judgment is granted.

BACKGROUND

The following facts are drawn from the Local Rule 56.1 statements, depositions, and affidavits submitted in connection with defendant's first motion for summary judgment and from this Court's August 26, 2005 opinion. They are undisputed except where noted.

John Smith alleges that on July 26, 2002, he was an employee in the commercial loan department of Fuji Bank, located on 52nd Street in Manhattan. On that day, his desk chair collapsed, causing injury to his back. As designed, the chair called for the use of four threaded "mounting bolts" screwed into four metal sleeves inserted into the plastic material of which the chair

---

[1] Rule 56(f) provides:

Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

base was made. These bolts held the seat of the chair to its base. Prior to or during the accident two of the four bolts and inserts fell out of the chair base and were lost. (Def. Rule 56.1 ¶ 15.)

The defendant's expert, Joseph R. Petrella, found no evidence that the chair was defective in any manner. In his report, he states that a review of Herman Miller's drawings and quality control testing revealed that the "threaded insert pullout force" that the chair could sustain was "routinely greater than 2,000 lbs." (Petrella Rep. 3.)

Other than the now excluded report of their expert, plaintiffs have submitted no evidence that the chair had a design or manufacturing defect or was unfit for ordinary use, nor have they responded to defendant's motion for summary judgment.[2]

DISCUSSION

A court must grant a motion for summary judgment if the movant shows that "there is no genuine issue as to any material fact" and that "the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

Summary judgment is appropriate "[w]hen the record taken as

---

[2] Plaintiffs' failure to respond does not automatically entitle defendant to summary judgment. "[I]n considering a motion for summary judgment, [a court] must review the motion, even if unopposed, and determine from what it has before it whether the moving party is entitled to summary judgment as a matter of law." *Vermont Teddy Bear Co., Inc. v. 1-800 Beargram Co.*, 373 F.3d 241, 246 (2d Cir. 2004)(quoting *Custer v. Pan Am Life Ins.*, 12 F.3d 410, 416 (4th Cir. 1993).

a whole could not lead a rational trier of fact to find for the non-moving party." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). "The trial court's function in deciding such a motion is not to weigh the evidence or resolve issues of fact, but to decide instead whether, after resolving all ambiguities and drawing all inferences in favor of the non-moving party, a rational juror could find in favor of that party." *Pinto v. Allstate Ins. Co.*, 221 F.3d 394, 398 (2d Cir. 2000). Although all facts and inferences are to be viewed in the light most favorable to the party opposing the motion, *see Harlen Assocs. v. Vill. of Mineola*, 273 F.3d 494, 498 (2d Cir. 2001), the nonmoving party must raise more than just "metaphysical doubt as to the material facts," *Matsushita*, 475 U.S. at 586.

Claims of John Smith

Plaintiff has alleged that Herman Miller, as manufacturer, is liable for Smith's injury under theories of negligence, breach of warranty of merchantability, and strict products liability. In a negligence action a plaintiff must prove "that the manufacturer was responsible for a defect that caused injury, and that the manufacturer could have foreseen the injury." *Maculuso v. Herman Miller, Inc.*, 2005 WL 563169, *4 (S.D.N.Y. 2005) (quoting *Robinson v. Reed-Prentice Div.*, 403 N.E.2d 440, 44, (N.Y. 1980). In a breach of warranty claim the plaintiff must prove that the product is "not fit for the ordinary purpose for which such goods

are used." *Denny v. Ford Motor Co.*, 662 N.E.2d, 730, 736 (N.Y. 1995). In a strict products liability action a plaintiff must prove that "(1) the product is "defective" because it is not reasonably safe as marketed; (2) the product was used for a normal purpose; (3) the defect was a substantial factor in causing the plaintiff's injuries; (4) the plaintiff by the exercise of reasonable care would not have both discovered the defect and apprehended its danger; (5) the plaintiff would not have otherwise avoided the injury by the exercise of ordinary care." Urena v. Biro Mfg. Co. 114 F.3d 359, *363 (2d Cir. 1997)(citations omitted).

Essential to all of these claims is that plaintiff demonstrate that the product was defective. However, the elements of a defect are different under the different claims. For purposes of breach of warranty claims a product is defective when it is "not fit for the ordinary purpose for which such goods are used." *Denny*, 662 at 736. For the purpose of a negligence or strict liability claim a product is defective when it is "not reasonably safe." *Id.* at 735-36. Moreover, in negligence and strict liability claims plaintiff must prove the elements of each type of defect he alleges. There are three types of defect in products liability cases: a design defect, a manufacturing defect, and a defect in the form of the absence or inadequacy of warnings for the use of the product. *McCarthy v. Olin Corp.*, 199 F.3d 148, 155 (2d Cir. 1997); *Sage v. Fairchild-Swearingen Corp.*, 517 N.E.2d 1304, 1307 (N.Y. 1987). In a design defect case the

plaintiff must prove that: "(1) although the product was manufactured according to its intended design, the design itself devised a product that was not reasonably safe, and (2) there was a feasible alternative design for the product which would have been safer and that would have prevented plaintiff's injury." *Maculuso*, 2005 WL 563169 at *6 (citing *Rypkema v. Time Mfg. Co.*, 263 F.Supp. 2d 687, 692 (S.D.N.Y. 2003). In a manufacturing defect case the plaintiff must prove that a product did not perform in the intended manner because of a flaw in the manufacturing process. *Denny*, 662 N.E.2d at 735, n.3. In a defect for failure to warn case the plaintiff must prove that "(1) a manufacturer has a duty to warn; (2) against dangers resulting from foreseeable uses about which it knew or should have known; and (3) that failure to do so was the proximate cause of the harm." *Santoro ex rel. Santoro v. Donnelly*, 340 F.Supp.2d 464, 485 (S.D.N.Y.,2004); There is no duty to warn of well-known or obvious dangers. *Burke v. Spartanics, Ltd.*, 252 F.3d 131, 137 (2d Cir. 2001).

In the present case the plaintiff's only evidence of a defect was an expert report which I excluded in the August, 26, 2005 opinion. Since a defect is an element of each of plaintiff's claims, plaintiff cannot prevail on any of his specific theories of liability. *Macaluso*, 2005 WL 563169 at *8 (holding that, "[w]ithout any evidence based on the actual chair involved in the alleged incident, the plaintiffs have no potentially viable claim that the chair was defective."); *Brooks v. Outboard Marine Corp.*,

234 F.3d 89, 92 (2d Cir. 2000)(affirming district court's decision granting summary judgment dismissing products liability case where plaintiff's proposed expert testimony was properly excluded as speculative); *Davidov v. Louisville Ladder Group, LLC,* 2005 WL 487734, *3 (granting summary judgment in a products liability case because there was no evidence of a defect).

Because the plaintiff has presented no evidence from which a reasonable jury could conclude that he had established an essential element of each of his claims, summary judgment is granted to the defendant on these claims.

Claims of Catherine Smith

Catherine Smith alleged a claim for loss of consortium. A loss of consortium claim is a derivative claim, and is thus, "not cognizable unless the defendant is liable to the injured spouse." *Champagne v. State Farm Mut. Auto Ins. Co*, 586 N.Y.S. 2d 813, 837 (2d Dept. 1992). "Where . . . the husband's cause of action has been terminated either by judgment, settlement or otherwise, that should operate to bar the wife's cause of action for consortium." *Daniels v. Zelco, Inc.,* 552 N.Y.S.2d 403 (2d Dep't 1990). Thus, where, as here, the husband's substantive liability claims are dismissed, the wife's derivative claim for loss of consortium must be dismissed as well.

CONCLUSION

For the foregoing reasons, Herman Miller's motion for

summary judgment is granted.

The Clerk is directed to furnish a filed copy of the within to all parties and to the magistrate judge and to enter judgment on all claims in favor of the defendant.


SO ORDERED.

Dated :   Brooklyn, New York
          December 20, 2005

                    By: /s/ Charles P. Sifton (electronically signed)
                        United States District Judge